IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARIA JONES AND MICHAEL JONES,§
INDIVIDUALLY, AND AXIS MEDICAL  §
EQUIPMENT AND SUPPLY, LLC,       §
                                 §
            Plaintiffs,          §
                                 §
V.                               §          No. 3:13-cv-4027-BN
                                 §
ALLSTATE INSURANCE COMPANY       §
AND BYRON RACHAL,                §
                                 §
            Defendants.          §

**MEMORANDUM OPINION AND ORDER ON REMOVAL JURISDICTION
AND DISMISSING DEFENDANT BYRON RACHAL**

Defendants Allstate Insurance Company and Byron Rachal removed this case

to this Court on the basis of 28 U.S.C. § 1332 diversity jurisdiction, arguing that

Rachal, an admittedly non-diverse defendant, was improperly joined in state court. For

the reasons explained, the Court agrees and will order that Rachal is dismissed from

this case. As such, complete diversity of citizenship exists, the Court has subject matter

jurisdiction over this case, and the removal of the case to this Court was proper.

**Background**

On July 6, 2012, Plaintiffs Maria Jones and Michael Jones, individually and as

Directors of Axis Medical Equipment and Supply, LLC, filed suit against Allstate

Insurance Company ("Allstate") in Dallas County Court at Law No. 4. The initial

petition alleged damages resulting from Allstate's withholding of policy benefits

following a fire at Plaintiffs' place of business. *See* Dkt. No. 1, Ex. A. Allstate removed

to federal court on the basis of diversity of citizenship, *see id.,* Ex. B, and Plaintiffs

subsequently voluntarily dismissed the initial suit, *see id.,* Ex. C.

On September 9, 2013, Plaintiffs filed this suit in the 14th Judicial District Court of Dallas County, Texas, this time naming Byron Rachal ("Rachal"), a resident of Texas, as a defendant in addition to Allstate. *See id.*, Ex. E. Allstate and Rachal ("Defendants") timely filed a Notice of Removal, asserting that removal was proper based on diversity of citizenship and because the case meets 28 U.S.C. § 1332's amount in controversy requirement. *See id.*, ¶ 2.1.

In a November 18, 2013 Order [Dkt. No. 12], the Court noted that while Defendants' Notice of Removal was based on diversity of citizenship, and while Defendants argued that Rachal "had been fraudulently and/or improperly joined in this action to defeat diversity jurisdiction," Dkt. No. 1, ¶ 3.1, neither party had moved for dismissal of the claims against Rachal, *see* Dkt. No. 12. The Court ordered both parties to submit briefs explaining the basis for the Court's subject matter jurisdiction given the apparent lack of complete diversity of citizenship between the parties. *See id.* Plaintiffs filed a two-page brief that asserts that Rachal was the claims adjuster who ultimately denied the policy benefits, that Plaintiffs' Original Petition alleged statutory and contractual violations against one or both Defendants, and that, under the Texas Insurance Code, an insurance adjuster may be liable alongside the insurance company. *See* Dkt. No. 13, ¶¶ 3, 4, 6. Defendants' reply brief argues that Plaintiffs' brief "completely fails to address fraudulent joinder" and requests that this Court exercise subject matter jurisdiction and dismiss all claims against Defendant Rachal with prejudice. Dkt. No. 14, ¶¶ 3, 9.

## Legal Standards and Analysis

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

28 U.S.C. § 1332 creates federal subject matter jurisdiction where diversity of citizenship exists between the parties, where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332(a), (b). Diversity jurisdiction requires that the parties be "citizens of different States." 28 U.S.C. § 1332(a)(1). Failure to allege adequately the basis of diversity requires remand. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). This Court cannot exercise diversity jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

A.    Improper Joinder

Plaintiffs' Original Petition asserts that Plaintiffs and Defendant Rachal reside in Texas, while Allstate Insurance Company is an Illinois corporation and is a citizen of Illinois for diversity purposes. *See* Dkt. No. 1, Ex. E, ¶ 1. Defendants admit that Mr. Rachal is a citizen of Texas for diversity purposes. *See* Dkt. No. 1, ¶ 2.6. Defendants argue, however, that Rachal was improperly joined in this action and that his presence therefore does not prevent the Court from exercising removal jurisdiction. *See id.*, ¶ 3.1.

Under the doctrine of improper joinder, "the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Borden v. Allstate Ins. Co.*, 589 F.3d 168 (5th Cir. 2009). A defendant alleging improper joinder has the heavy burden of "demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc) (describing the "heavy burden" that the party asserting improper joinder must meet and noting that, "until the removing party does so, the court does not have the authority to do more" and "lacks the jurisdiction to dismiss the case on its merits"). Under the second prong, the standard is whether the defendant has demonstrated that there is no reasonable basis to predict that the plaintiff might be able to recover against the in-state defendant in state court. *See*

*Smallwood*, 385 F.3d at 573.

Ordinarily, the Court must conduct a Federal Rule of Civil Procedure 12(b)(6)-type analysis, examining the allegations in the complaint to determine whether the plaintiff has stated a claim against the non-diverse defendants. *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). If, however, the complaint has "omitted discrete facts, the district court may, in its discretion, pierce the pleadings and conduct a summary injury." *Id.* But the Fifth Circuit has "caution[ed] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74.

Because there is no dispute or allegation of actual fraud concerning the fact that both Plaintiffs and Rachal are Texas residents, the sole concern in the instant case is whether, as a matter of law, Plaintiffs have alleged a valid state-law cause of action against Rachal. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Therefore, this Court must determine whether Allstate has demonstrated that there is no reasonable basis to predict that Plaintiffs might be able to recover against Rachal in state court. *See Smallwood*, 385 F.3d at 573. In making this determination, the Court will "'evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff,'" and "'then examine relevant state law and resolve all uncertainties in favor of the nonremoving party.'" *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 260 n.8, 264 (5th Cir. 1995) *(quoting Green v. Amerada Hess*

-5-

*Corp.*, 707 F.2d 201, 205-06 (5th Cir. 1983)).

B.     Texas's "Fair Notice" Pleading Standard

A federal district court evaluating the adequacy of a plaintiff's claims against an in-state defendant in order to determine whether that defendant was improperly joined should apply the pleading standard of the court in which the claims were initially brought. *See Bedford Internet Office Space, LLC v. Travelers Cas. Ins. Co.*, No. 3:12-cv-4322-N-BN, 2013 WL 3283719, at *4 (N.D. Tex. June 28, 2013) (collecting cases). "When a party files suit in a [state] court, such party expects to be governed by the rules of the game that apply to the civil pleading requirements of that state court system." *Durable Specialities, Inc. v. Liberty Ins. Corp.*, No. 3:11-cv-739-L, 2011 WL 6937377, at *5 (N.D. Tex. Dec.30, 2011). Since plaintiffs who file suit in state court prepare their complaints with state pleading standards in mind, "[f]undamental fairness compels that the standard applicable at the time the initial lawsuit was filed in state court should govern." *Id.*; *see also Yaldell v. Geovera Specialty Ins. Co.*, No. 3:12-cv-1908-M, 2012 WL 5451822, at *3 (N.D. Tex. Nov.8, 2012). Therefore, this Court will examine Plaintiffs' claims against Rachal using Texas's civil pleading standard. *Accord Bedford*, 2013 WL 3283719, at *4.

Under the Texas Rules of Civil Procedure, a pleading may contain legal conclusions as long as fair notice to the opponent is given by the allegations as a whole. *See* TEX. R. CIV. P. 45(b). The state court liberally construes a plaintiff's petition in the plaintiff's favor. *See Starcrest Trust v. Berry*, 926 S.W.2d 343, 349 (Tex. App. – Austin

1996, no writ). The court will also look at the plaintiff's intent and uphold a petition, even when the plaintiff has not specifically alleged some element of a cause of action, by supplying every fact that can reasonably be inferred from what the plaintiff specifically did state. *See Torch Operating Co. v. Bartell*, 865 S.W.2d 552, 554 (Tex. App. – Corpus Christi 1993, writ denied). The goal is only to ensure that the opposing party gets sufficient information to supply fair and adequate notice of the facts on which the plaintiff bases the claim. *See Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982).

C.    Analysis of Plaintiffs' Petition Against Defendant Byron Rachal

Whether the Court should remand this case turns on the sufficiency of the allegations set forth in Plaintiffs' Original Petition ("Petition") [Dkt. No. 1, Ex. E]. Therefore, the Court begins its analysis with a review of the relevant allegations set forth by Plaintiffs.

In April 2003, Plaintiffs purchased an insurance policy from Defendant Allstate covering certain types of damages to Plaintiffs' business premises. *See* Dkt. No. 1, Ex. E, ¶ 3. On September 10, 2011, while the insurance policy was still in effect, a fire occurred on the insured premises. *See id.* Plaintiffs filed a timely claim for the resulting damages. *See id.* Allstate denied Plaintiffs' claims on the grounds that the damages that occurred were excluded from the insurance policy. *See id.* The Petition alleges that "Defendant Byron Rachal & Allstate Insurance Company have conspired to deprive Plaintiff of the insurance benefits they were entitled to under their policy"

but otherwise makes no reference to Rachal's relationship to Allstate or his involvement in the sale of the insurance policy or the denial of benefits. *Id.*

Based on these facts, Plaintiffs bring some claims only against Allstate and some claims against both Rachal and Allstate. Plaintiffs allege the following causes of action against Rachal and Allstate in their Petition: (1) violations of Texas Insurance Code, art. 21.21 § 16, (2) breach of the duty of good faith and fair dealing, (3) breach of contract, and (4) violations of the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code §17.46. *See* Dkt. No. 1, Ex. E.

Turning first to Plaintiffs' claims based on violations of the Texas Insurance Code, the Court notes that Article 21 of the Texas Insurance Code was repealed in 2005 and was not in force when Plaintiffs filed their Original Petition. Assuming that Plaintiffs intended to invoke the analogous provisions of the current version of the Insurance Code, Tex. Ins. Code § 541.060, their Petition alleges that Defendants violated the Code "(1) by failing to attempt in good faith to effectuate prompt, fair, and equitable settlement of claims submitted in which liability is reasonably clear; (2) by failing to provide promptly a reasonable explanation for the offer [of] a compromise settlement rather than the full value of the claim; (3) by conspiring to deprive Plaintiff of benefits to which he is entitled; (4) by forcing Plaintiff to institute a lawsuit to recover amounts due under his policy by offering substantially less than the amount ultimately recovered in similar suits; and (5) by permitting Defendant to engage in misrepresentations in handling Plaintiff's claim." *Id.*, ¶ 7. Finally, Plaintiffs allege that

Defendants' acts "were a producing cause which has proximately caused Plaintiff's loss and damages." *Id.*

As an initial matter, to maintain a cause of action against Rachal, Rachal must be liable under the Texas Insurance Code. Section 541.002(2) of the Texas Insurance Code makes clear that "an agent, broker, adjuster, or life and health insurance counselor" may be liable under the Insurance Code. TEX. INS. CODE § 541.002(2); *see also Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484-86 (Tex. 1998). Plaintiffs made no factual allegations as to Rachal in the Petition, other than asserting that he is a resident of Dallas County. *See* Dkt. No. 1, Ex. E, ¶ 1. There is no statement upon which the Court can assume that Rachal is liable under the Texas Insurance Code. Even courts utilizing the Texas "fair notice" pleading standard to find no improper joinder in similar situations have at least required that a plaintiff allege some factual relationship between the in-state defendant, the insurance company, and the plaintiff's policy. *See Yeldell*, 2012 WL 5451822, at *3 (reciting the factual allegation that "GeoVera assigned [defendant] to adjust the claim" in petition); *Durable Specialties,* 2011 WL 6937377, at *3 (reciting the factual allegation "[defendant] handled the adjustment and investigation" of plaintiff's claims); *Harris v. Allstate Tex. Lloyd's*, No. H-10-0753, 2010 WL 1790744, at *3 (S.D. Tex. Apr. 30, 2010) (noting the allegation "Allstate assigned [defendant] to adjust the claim" in the petition). Moreover, simply stating that "Defendants" made misrepresentations, failed to comply with the law, or refused to perform a duty under the law is not sufficient. *See*

*Cavallini*, 44 F.3d at 260 & n.8 (but without discussing whether to apply the federal or Texas pleading standard).

For these reasons, the Court cannot find that Plaintiffs have alleged a cause of action that provides a reasonable basis to predict that Plaintiffs might be able to recover in state court against Rachal under the Texas Insurance Code. *See Smallwood*, 385 F.3d at 57.

Plaintiffs also alleged a breach of the duty of good faith and fair dealing against Defendants, including Rachal. *See* Dkt. No. 1, Ex. E, ¶ 9. In claiming a breach of the "duty of good faith and fair dealing entitling Plaintiff to sue for an amount in excess of the minimum jurisdictional limits of this Court," Plaintiffs alleged only that Defendants breached their duty and the breach proximately caused damage to Plaintiffs. *Id.* Nothing in the Petition alleges the relationship between Rachal and Plaintiff, indicating how such a duty would even be owed as an initial matter.

By the same token, Plaintiffs' claim that "the conduct of Defendant Byron Rachal and Allstate Insurance Company constitutes a breach of contract" is not supported by any factual allegation that would show how Rachal could be subject to any obligation arising under the contract between Plaintiffs and Allstate. *See id.*, ¶ 8.

Finally, Plaintiffs' DTPA claims against Rachal must fail because, absent any factual allegation in the Petition of the relationship between Rachal, Allstate, and Plaintiffs' insurance policy, there is no basis for this Court to assume that Rachal was engaged in any "trade or commerce" as required for the DTPA to be applicable in the

first instance. *See* TEX. BUS. & COM. CODE § 17.46(a).

While the Court recognizes that Allstate has a heavy burden to prove there is no reasonable basis to predict that Plaintiffs might be able to recover against Rachal in state court, the Court finds that Allstate has met this burden. Plaintiffs' Petition contains <u>no</u> allegations against Rachal individually – nothing to indicate the relationship between Rachal and Plaintiffs, nothing to indicate what Rachal's role in the claims process was, nothing on which a claim could be made against Rachal. While Plaintiff's supplemental brief does allege that Rachal "was the claims adjuster on the file in which he ultimately denied contractual benefits owed to the Plaintiffs under their policy of insurance," Dkt. No. 12, ¶ 3, this Court is bound to limit its analysis to "the allegations <u>of the complaint</u> to determine whether, under state law, <u>the complaint</u> states a claim against the in-state defendant," *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (emphasis added). Under these circumstances, the Court concludes that Plaintiffs failed to provide sufficient information from which one could reasonably infer a cause of action against Rachal under Texas law.

Because Rachal was improperly joined, he is dismissed from this case. And complete diversity of citizenship therefore exists, such that removal of the case to this Court was proper.

## Conclusion

The Court concludes that Defendant Byron Rachal was improperly joined in this case and ORDERS Plaintiff's claims against Defendant Byron Rachal are dismissed

with prejudice.

SO ORDERED.

DATED: February 4, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE