IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA JONES AND MICHAEL JONES, INDIVIDUALLY, AND AXIS MEDICAL EQUIPMENT AND SUPPLY, LLC, § § § § | | |
| Plaintiffs, § § | | |
| V. § § | No. 3:13-cv-4027-BN | |
| ALLSTATE INSURANCE COMPANY, § § | | |
| Defendant. § | | |

**MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' EXPERT DESIGNATIONS**

Defendant Allstate Insurance Company ("Defendant" or "Allstate") moves to strike Plaintiffs' designations of Bryan C. Rice, CPA and Plaintiffs' counsel Robert D. Wilson as expert witnesses. *See* Dkt. No. 18.

In response, Plaintiffs seek to withdraw their designation of Mr. Rice as an expert witness in this case. *See* Dkt. No. 22 at 2. That request is granted, and Defendant's motion [Dkt. No. 18] is granted as to Mr. Rice.

As to Plaintiffs' designation of Mr. Wilson as an expert witness "to testify about reasonable attorneys fees and costs incurred in the minimum amount of $150,000 dollars at his hourly rate given his experience," Dkt. No. 17 at 1, Defendant's motion to strike is denied.

Plaintiffs indisputably designated their experts one day after the June 18, 2014 deadline set by the Court's Initial Scheduling Order. *See* Dkt. No. 11 at 4; Dkt. No. 17.

But the Court finds that this one-day delay should be permitted under Federal Rule of Civil Procedure 16(b)(4), where the testimony is important and Defendant cna show no prejudice from the one-day delay in receiving Plaintiffs' designations. *See Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

Defendant's complaint regarding Plaintiffs' failure to provide a report under Federal Rule of Civil Procedure 26(a)(2)(B) is likewise not well-taken. "Generally, ... attorneys testifying solely on the topic of attorneys' fees are not required to provide expert reports," and Mr. Wilson "is not an expert who was 'retained or specially employed to provide expert testimony' in [Plaintiffs'] case against Allstate," but, rather, was retained to provide legal representation to Plaintiffs. *Kondos v. Allstate Tex. Lloyds*, No. 1:03-cv-1440, 2005 WL 1004720, at *18 (E.D. Tex. Apr. 25, 2005); *accord* Dkt. No. 11 at 4. And Defendant "had adequate notice of [Plaintiffs'] intent to call [Mr. Wilson] as a testifying expert on attorneys' fees in this case, and the subject matter of his testimony was clearly stated on the designation." *Kondos*, 2005 WL 1004720, at *18. Plaintiffs "have, up to this point, satisfied the requirements of Rule 26, and Allstate cannot claim surprise or prejudice with regard to [Mr. Wilson's] testifying as an expert witness in this case." *Id.*

But, insofar as Plaintiffs have designated their counsel Mr. Wilson to testify as an expert witness "to account for the business and personal tax returns filed on behalf of the Plaintiffs and the anticipated future revenues had Defendant paid under the policy which insured Plaintiffs," Dkt. No. 17 at 1 – and it is entirely not clear that they have, *compare id.*, with Dkt. No. 22 – Plaintiffs have made no effort to justify their

failure to comply the requirements of Rule 26(a)(2)(B) or (C) as to this basis for Mr. Wilson's designated expert testimony.

Accordingly, Defendant's motion to strike Plaintiffs' designation of their counsel Robert D. Wilson as an expert witness is granted insofar as Mr. Wilson is designated to offer expert testimony "to account for the business and personal tax returns filed on behalf of the Plaintiffs and the anticipated future revenues had Defendant paid under the policy which insured Plaintiffs" but denied insofar as Mr. Wilson is designated to offer expert testimony "about reasonable attorneys fees and costs incurred in the minimum amount of $150,000 dollars at his hourly rate given his experience." Dkt. No. 17 at 1.

For these reasons, the Court GRANTS in part and DENIES in part Defendant's Motion to Strike Plaintiff's Expert Designations [Dkt. No. 18].

SO ORDERED.

DATED: September 16, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE